### JOHNSON v. FREDERICK LEYLAND & CO., Limited.

(Circuit Court of Appeals, Fifth Circuit. March 12, 1907.)

#### No. 1,586.

SHIPPING—INJURY OF STEVEDORE—LIABILITY OF VESSEL OWNER.

Evidence *held* not to sustain the allegations of a libel, that an injury to libelant resulted from a defect in the fittings of a vessel, in view of the rule that a libelant in such case must establish his claim with reasonable certainty.

Appeal from the District Court of the United States for the Eastern District of Louisiana.

Armand Romain, for appellant.
Henry P. Dart and Benj. W. Kernan, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM.    In dismissing the libel in this case, Judge Parlange gave the following reasons transmitted in the record:

#### Memorandum of Reasons for Dismissing Libel.

PARLANGE, District Judge. The libelant was bound to make his case reasonably clear and certain. A careful perusal of the evidence entirely fails to convince me that the facts as alleged in the libel are true. The fault charged is that the burden piece was too short. If this had been proven, the vessel would be liable. But it is contended on behalf of the claimants that the cause of the accident was that the libelant or his fellow laborers did not put the burden piece in the place intended for it. If this is true, the vessel is not liable. No failure of supervision by the foreman of the officers of the vessel, could, under the circumstances of this case, render the vessel liable. As to all of these conclusions, see The Osceola, 189 U. S. 159–175, 23 Sup. Ct. 483, 47 L. Ed. 760. The least that can be said as to the effect of the testimony is that it leaves the libelant's case in such uncertainty that a decree in his favor would not be justifiable. But it may be that there is a preponderance of proof against the libelant, although it is not necessary to so find, in order to dismiss the libel. Any bias which the witnesses for the claimants may have had, resulting from the fact of their employment by the vessel, is offset by other considerations operating on libelant's witnesses in his favor. In all cases similar to the present one, a decision can be reached with almost absolute certainty, on the testimony of one or more disinterested witnesses charged to view and survey the alleged defective appliance. It is evident to me, under the evidence, that it was in the power of either party in this case to have a survey made. As the case is not one in which the party alone

could have had a survey made, no presumption arises against the claimants. It seems that the law is that when it is in the power of either party to produce certain evidence and neither produces it, no presumption arises against either. 11 A. & E. Enc. Law (2d Ed.) p. 504, note; vol. 22, A. & E. Enc. Law (2d Ed.) p. 1262. Still, the fact remains that it was in the power of the libelant to have had a survey made and it was his duty to make his case reasonably clear and certain. He has not done so though having the means. The decree must therefore be against him. The libel must be dismissed at libelant's costs.

We are not prepared to say that under the evidence it was in the power of either party in the case to have had a survey made—certainly not equally in the power of either party, for consideration must be given to the fact that the libelant, following his injuries, was laid up, and the ship very soon sailed away. It is true the ship returned at a later date, but then a survey, to be conclusive, would have needed to be supplemented with proof that there had been no changes made in the alleged defective burden and fore and after pieces of the third hatch, and this would have been more in the power of the owners than of the libelant. However this may be from a very careful consideration of the case, keeping in mind that the libelant was bound to make his case reasonably probable and certain, we are unable to find that the trial judge erred in dismissing the libel.

The judgment of the District Court is affirmed.