## GADERSON v. TEXAS CONTRACTING CO.

(Circuit Court of Appeals, Fifth Circuit. December 2, 1924.)

No. 4350.

1. **Admiralty ⬤=31—Doctrine of assumption of risk applied in admiralty.**

The doctrine of assumption of risk is applied in admiralty.

2. **Admiralty ⬤=118—Decree not reversible, if allegations of libel are not sustained by credible evidence.**

A decree dismissing a libel is not reversible, if the record fails to show that its allegations were sustained by evidence which was entitled to credence.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Suit in admiralty by Maggie Gaderson, alias Gadison, widow of James Gaderson, deceased, against the Texas Contracting Company. Decree for respondent, and libelant appeals. Affirmed.

Wilford H. Smith, of Houston, Tex., for appellant.

Mart H. Royston, of Galveston, Tex., for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was a libel in admiralty by the appellant, the widow of James Gaderson, deceased, against the appellee, a contracting stevedore, to recover damages for the death of the deceased while he was engaged in building a structure called a grain feeder on a ship located at a pier in the port of Galveston; the deceased at the time of his death being the foreman or "straw boss" of a gang employed by the appellee and assigned to the task mentioned. The libel contained allegations to the effect that the death of the deceased was due to a fall caused by the careening, tilting, or turning of a strongback or beam on which he was standing while at work, and that the unsteadiness of the strongback or beam was due to appellee's negligence in failing to have it bolted or fastened, so as to make it steady.

The evidence in the trial was adduced in the presence of the trial judge. The appellant undertook to support the allegations of the libel as to how the deceased came to his death by the testimony of two of his coemployees, who were engaged with him in the same task. Only one of those witnesses claimed to have seen the deceased when he fell, or to know what caused him to fall. There was evidence tending to discredit the

testimony of that witness. The trial judge's memorandum opinion shows that he did not credit the testimony of that witness so far as it was uncorroborated. Testimony of the other witness was to the effect that, at the time of and prior to the deceased's fall, witness had one foot on the same beam upon which the deceased had one of his feet; that witness was not looking in the direction of the deceased when the latter fell, and · did not know what made him fall; that prior to deceased's fall, and during the time witness and the deceased were using the beam as a support, it rocked, and did so at any time it was stepped on; and that the deceased was aware of the danger to which he was exposed when he undertook the task in which he was engaged when he fell, deceased having undertaken that task after it was disclosed that another member of the gang was afraid to do so.

The trial judge's memorandum opinion contained the following:

"Either the accident occurred, as libelant's witnesses testified, by reason of the insecurity of the beam, which condition, under the undisputed evidence, was bound to have been know to plaintiff before his fall, and therefore the risks of which were assumed by him, or, if you discard the testimony of these witnesses, the case is one of unexplained accident, and upon neither theory is libelant entitled to recover."

[1] Though the libel stated a cause of action which was enforceable in a court of admiralty, the appellant was not entitled to recover, if the allegations of the libel as to the cause of her husband's death were not duly sustained by proof, or if his death was due to a risk which he assumed. O'Brien v. Luckenbach S. S. Co. (C. C. A.) 293 F. 170. Even if the court's conclusion that the deceased assumed the risk to which his death is attributed was incorrect for any reason, a reversal of the decree dismissing the libel would not be warranted, unless the evidence adduced was such as to require the conclusion that the death of the deceased was due to the negligence alleged. That conclusion cannot be reached without giving credence to testimony which was impeached, and which the record indicates was not believed by the trial judge, in whose presence the testimony was given.

[2] The dismissal of the libel is sustainable on the ground that the record fails to show that material allegations of the libel were sustained by evidence which was entitled to credence. Johnson v. Frederick Leyland & Co., 153 F. 572, 82 C. C. A. 526.

The decree is affirmed.